UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

TANCYINA MARCUS,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:14-cv-00268-ST

**FINDINGS AND RECOMMENDATION**

**STEWART, Magistrate Judge:**

## INTRODUCTION

Plaintiff, Tancyina Marcus ("Marcus") filed this action against the Commissioner of the Social Security Administration ("Commissioner"), seeking judicial review of the denial of her request for a hearing on her second application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The Commissioner has filed a Motion to Dismiss (docket # 17) for lack of subject matter jurisdiction. For the reasons set forth below, that motion should be denied.

## ADMINISTRATIVE HISTORY

In support of her motion, the Commissioner has submitted excerpts of the administrative record. On a motion to dismiss under FRCP 12(b)(1) where a jurisdictional issue is separable from the merits of a case, a district court is "free to hear evidence regarding jurisdiction and to

1 – FINDINGS AND RECOMMENDATION

rule on that issue prior to trial, resolving factual disputes where necessary." *Roberts v. Corrothers,* 812 F2d 1173, 1177 (9th Cir 1987), quoting *Augustine v. United States,* 704 F2d 1074, 1077 (9th Cir 1983). "Because the court's power to hear the case is at stake, it is not limited to considering the allegations of the complaint. It may consider *extrinsic evidence;* and if the evidence is disputed, it may weigh the evidence and *determine* the facts in order to satisfy itself as to its power to hear the case." *Friends of the Wild Swan, Inc. v. U.S. Forest Serv.,* 910 F Supp 1500, 1504 (D Or 1995) (quotation and citations omitted) (emphasis in original). "However, where the question of jurisdiction is dependent on the resolution of factual issues going to the merits, a court may not resolve genuinely disputed facts." *Id* (citations omitted). Here the extrinsic facts are undisputed.

According to the evidence submitted by the Commissioner, Marcus first applied for Supplemental Security Income ("SSI") benefits in 2005. The Appeals Council denied that application in 2008 ("2008 decision") because Marcus was found not eligible based on her citizenship status.

On December 22, 2010,[1] Marcus filed another application for SSI benefits. Weigel Decl. (docket #17-1), ¶ 3(a) & Ex. 1. She did not mention the 2008 decision in that application. *Id*, Ex. 5, pp. 2-3. Her application was denied initially and upon reconsideration because she was not a U.S. citizen or qualified alien. *Id*, Ex. 1(a) & (b). On August 17, 2011, Marcus requested a hearing before an administrative law judge ("ALJ"). *Id*, ¶ 3(b) & Ex. 2. An ALJ granted the request for a hearing, held one, and on May 24, 2012, issued a fully favorable decision that Marcus was a citizen or national of the United States and thus eligible for benefits ("2012 decision"). *Id*, ¶ 3(c) & Ex. 3. The ALJ based that decision upon a finding that Marcus qualified as a U.S. citizen under 20 CFR § 416.1610(b) which imbues U.S. citizenship on individuals from

---
[1] Marcus alleges that the filing date is January 11, 2011, as does the 2012 decision. Complaint, ¶ II.a; Weigel Decl., Ex. 3.

the Northern Mariana Islands who meet certain conditions, including domicile and citizenship of the Trust Territory of the Pacific Islands. The 2012 decision stated that it would be final if the Appeals Council did not review it, and that a final decision can be changed under special circumstances.

Over a year later on June 20, 2013, the Appeals Council notified Marcus that it planned to reopen the 2012 decision. *Id*, ¶ 3(d) & Ex. 4. That notice explained that the ALJ had erroneously concluded that Marcus was a U.S. citizen or qualified alien under 20 CFR § 416.1610(b). Because Marcus was not a U.S. citizen or national, the Appeals Council advised that it would issue a corrective decision finding her not eligible for benefits. It also informed Marcus that she could send more evidence or request an appearance within 30 days. Marcus's representative responded on July 22, 2013. *Id*, ¶ 3(e).

Instead of issuing a decision on the merits of Marcus's citizenship, however, the Appeals Council notified Marcus on August 7, 2013, that it was changing the proposed action of June 20, 2013, and planned to reopen the 2012 decision based on "fraud or similar fault" perpetuated by her. *Id*, ¶ 3(e) & Ex. 5. The "fraud or similar fault" was identified as Marcus's failure to disclose the 2008 decision finding that she was not a U.S. citizen or qualified alien. According to the Appeals Council, the 2008 decision had a *res judicata* effect, requiring the ALJ to dismiss her August 17, 2011 request for a hearing. The Appeals Council informed Marcus that she could send more evidence within 30 days. Marcus's representative responded on September 6, 2013. *Id*, ¶ 3(f).

On September 19, 2013, the Appeals Council sent a copy of the 2008 decision to Marcus's representative, granting her 25 days to comment, but received no response. *Id,* Ex. 6, p. 3.

3 – FINDINGS AND RECOMMENDATION

On December 13, 2013, the Appeals Council dismissed Marcus's August 17, 2011, request for a hearing based on *res judicata* ("2013 decision"), thus vacating the 2012 decision and leaving the 2008 decision as the final decision of the Commissioner. *Id*, ¶ 3(f) & Ex. 6. Marcus then filed this action on February 17, 2014.

## STANDARDS

The Social Security Act limits judicial review of the Commissioner's decisions to "any final decision . . . made after a hearing." 42 USC § 405(g). "Once a decision becomes administratively final, the Secretary's decision to reopen a claim is purely discretionary" under 20 CFR §§ 404.987–404.988. *Davis v. Schweiker,* 665 F2d 934, 935 (9th Cir 1982), citing *Califano v. Sanders*, 430 US 99, 103 (1977). "A decision not to reopen a prior benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review." *Udd v. Massanari*, 245 F3d 1096, 1098–99 (9th Cir 2001), citing *Califano*, 430 US at 107–09. When the Commissioner has denied a request for a hearing to reopen a claim based on *res judicata*, no "hearing" occurs to trigger jurisdiction under 42 USC § 405(g). *Subia v. Comm'r of Soc. Sec.*, 264 3d 899, 902 (9th Cir 2001). Thus, federal courts have no jurisdiction to review a decision not to reopen an application for benefits.

However, the Supreme Court recognizes an exception where "the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Califano*, 430 US at 109.[2] According to the Ninth Circuit, this exception applies to "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue*, 543 F3d 1139, 1144 (9th Cir 2008), quoting *Udd*, 245 F3d at 1099. "A constitutional claim is

---

[2] Constitutional challenges are allowed under the *Califano* exception notwithstanding the Act's preclusion of federal question jurisdiction under 28 USC § 1331. *Califano*, 430 US at 109.

colorable if it is not wholly insubstantial, immaterial, or frivolous." *Id* (citations and internal quotation marks omitted).  A "'mere allegation of a due process violation' is not a colorable constitutional claim." *Id* (citations omitted).  Otherwise, "[e]very disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review."  *Hoye v. Sullivan*, 985 F2d 990, 992 (9th Cir 1992) (citation and internal quotation marks omitted).  However, the enforcement of administrative *res judicata* "must be tempered by fairness and equity" and may be "qualified or rejected when [its] application would contravene an overriding public policy or result in manifest injustice."  *Thompson v. Schweiker*, 665 F2d 936, 940 (9th Cir 1982) (citation omitted).

## FINDINGS

The Commissioner asserts that the 2013 decision dismissing Marcus's request for hearing based on *res judicata* is not subject to judicial review because it was not a final decision of the Commissioner "made after a hearing" as required to confer jurisdiction pursuant to 42 USC § 405(g).  Accordingly, this court has jurisdiction over that discretionary decision only if the *Califano* exception applies.

Seeking to fall within the *Califano* exception, Marcus challenges the denial of her request for a hearing as a violation of her "procedural due process rights by failing to follow the necessary procedures for reopening an application under 20 CFR [§] 416.1488(c), as proscribed by 42 USC [§] 1631(e)(7) and Social Security Ruling 00-02p ("SSR 00-02p), 2000 WL 253695 (Feb. 25, 2000).  Complaint, ¶ III.A.  In particular, Marcus argues that she was provided no mechanism for review of the Appeals Council's inappropriate use of the "similar fault" provision.

In accordance with 20 CFR § 416.1469, Marcus had 60 days to file an appeal with the Appeals Council after receiving the 2012 decision, and, even if she did not appeal, the Appeals Council had 60 days to review the decision on its own. Weigel Decl., Ex. 3, pp. 1-2. However, the Appeals Council did not notify Marcus that it was reviewing the ALJ decision until June 20, 2013, nearly 13 months later. Because the 60-day time limit for a direct review of the decision had lapsed, the 2012 decision had become final and could only be reopened:

> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
> (b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
> (c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time.

20 CFR § 416.1488.

Since the initial determination is dated March 8, 2011 (Weigel Decl., Ex. 1(a), p. 1) and the Appeals Council took no action within two years, neither subsection (a) nor (b) is applicable. That leaves only subsection (c) as providing a basis to reopen the 2012 decision. Presumably this is the reason that the Appeals Council changed its June 20, 2013 proposed action to the August 7, 2013 proposed action.

The Appeals Council invoked the "similar fault" provision in subsection (c) because Marcus failed to "acknowledge or indicate any prior determination or decision as to [her] citizenship, nationality or lack thereof for purposes of potentially obtaining SSI payments." This finding was inappropriate for multiple reasons.

///

///

6 – FINDINGS AND RECOMMENDATION

The Social Security Hearings, Appeals, and Litigation Law Manual (HALLEX) defines "similar fault" as occurring when a person "knowingly makes an incorrect or incomplete statement that is material to the determination or decision; or knowingly conceals information that is material to the determination or decision." HALLEX I-1-3-15 B.2. It also defines "knowingly" to describe "how a person acts in furnishing information that he or she knows is false or incomplete" and "material" as "a statement or information, or an omission from a statement or information that could influence the Social Security Administration in determining entitlement to monthly benefits." *Id; see also* SSR 00-02p, *supra*.

To show that she made no statements concerning the existence of her 2005 application or 2008 decision, Marcus has submitted the July 20, 2011 Application Summary for SSI which was prepared by a claims representative based on an interview,[3] as well as a copy of an SSI application from the agency's website. Response to Motion to Dismiss (docket #19), Attachments 1 & 2. Neither of these documents contains any question or response regarding prior applications. Accordingly, there is no affirmative evidence that Marcus made "an incorrect or incomplete statement."

More importantly, however, it was the Commissioner's own decision that the Appeals Council accuses Marcus of withholding. Even if she knowingly omitted this information from her application, it cannot be deemed to be "material to the determination or decision" because the Administration had this information available to it. The "fraud or similar fault" provision cannot reasonably be construed to encompass a failure to disclose information to which the Commission had access, particularly when the allegedly withheld information was the Commissioner's own decision.

---

[3] *See* www.ssa.gov/ssi/text-apply-ussi.htm (last visited Nov. 20, 2014) ("We do not have SSI applications online. Most of the forms to apply for SSI are not designed for self-completion. Our claims representative interviews you and uses a computer to complete the forms with information you give to us or someone else gives to us on your behalf.").

7 – FINDINGS AND RECOMMENDATION

Furthermore, the favorable 2008 decision clearly was immaterial. Both the initial and reconsideration determinations in 2011 reached the opposite conclusion as the 2012 decision, which cures any even remote possibility that her omission or characterization of the law was material to the determination in her case. It was the ALJ's independent evaluation of the applicable statutes that lead to the conclusion that Marcus was an eligible citizen under the Act. In addition, an individual's citizenship status may change from one application to another. Thus, the fact that Marcus was deemed to be ineligible in 2008 does not mean that she would never become eligible.

Because Marcus made no knowingly-made, material, incomplete or incorrect statement made during the application process, the Appeals Council had no factual basis to reopen the 2012 decision after the time to do so had passed on the grounds of "fraud or similar fault." As a result, Marcus was denied the opportunity for a meaningful review of her claim which constitutes a denial of due process. Because Marcus has presented a colorable constitutional claim, this court has jurisdiction to review the Appeals Council's notice dismissing the August 17, 2011 request for a hearing date.

## RECOMMENDATION

For the reasons set forth above, the Commissioner's Motion to Dismiss (docket # 17) for lack of subject matter jurisdiction should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, December 08, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  November 20, 2014.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge

9 – FINDINGS AND RECOMMENDATION